**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| CHRISTINE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:08-CV-463-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*., Christine Smith ("Smith") received a hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court REMANDS THE COMMISSIONER'S decision.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II. ADMINISTRATIVE FINDINGS

Smith, age 54 at the time of the hearing, completed eleventh grade in special

education classes and formerly worked as a health aide and bakery shop helper.[1] She has not engaged in substantial gainful work activity since the alleged onset date of May 19, 2005. Smith claims she is unable to work because problems resulting from a past automobile accident, arthritis in left leg, hypertension, diabetes, and enlarged heart.[2] Smith's treating physician, Dr. Marguerite Barber-Owens, diagnosed left knee pain, hypertension with heart condition and type II diabetes mellitus. An x-ray of Smith's left knee taken in March 2004 found the 2002 tibia fracture was healed in good position and alignment, with normal cartilage space, no degenerative osteoarthritis or lipping, effusion, or soft tissue calcification.[3]

Smith was examined by consulting physician James Colley, M.D. on September 5, 2005. Dr. Colley diagnosed moderate traumatic arthritis of the left knee, status post fracture of the patella and hairline fracture of the proximal tibia, hypertension/cardiovascular disease, poorly controlled non-insulin dependent diabetes mellitus, and obesity. Dr. Colley's functional assessment found Smith able to stand and walk at least six hours in an eight-hour day, taking routine breaks, and did not need an assistive device. The only postural limitations placed upon Smith prohibited her from full crouching and crawling.[4] On September 21, 2005, the state agency used Dr. Colley's findings to prepare a Residual

---

[1] R. at 290, 301.

[2] R. at 107.

[3] R. at 20, 204.

[4] R. at 21, 252-53.

Functional Capacity (RFC) Assessment.[5] The RFC gave great weight to Dr. Colley's conclusions regarding Smith's ability to perform work.[6]

Smith testified that she returned to work as a home health aide after being hit by a car in 2002, but by May 31, 2005, could no longer keep up with the modified job duties assigned by her employer.[7] She testified that arthritis was an additional factor in her inability to work, and she tried to compensate for the pain in her left leg by placing additional pressure on her right. Smith's attempts to ease pain in this manner had begun to cause problems for her right leg.[8] Instability in the left leg had caused Smith to fall in the past but she reported falling less.[9] She rated her pain as being 8 on a scale of zero to ten, but also reported she was not taking any pain medications.[10] Smith also told the ALJ about limitations in daily activities due to painful arthritis in her hands and recently being prescribed insulin for her diabetes.[11]

A vocational expert (VE) was asked to assume the state agency's conclusions as to Smith's physical capabilities and limitations, as set forth in the state agency's RFC Assessment. The VE testified Smith's past work as a home health aide would be precluded

---

[5]R. at 256-63.

[6]R. at 262.

[7]R. at 291-93.

[8]R. at 293-94.

[9]R. at 294-95.

[10]R. at 295, 294.

[11]R. at 296-99.

by her current RFC, but that she could resume light-level, unskilled work as a bakery helper.[12] The VE also listed additional light-level, unskilled jobs within Smith's RFC, including sales attendant, salesclerk, cashier/checker, and domestic day worker.[13]

The ALJ found Smith is severely impaired by non-insulin dependent diabetes mellitus; status-post traumatic arthritis of the left knee; status-post traumatic fracture of the left knee and patella; and hypertension.[14] Smith's allegations were found "not fully credible" by the ALJ, and after consideration of the entire record, including the absence of any medical opinion precluding all work activity, the ALJ concluded Smith did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[15] The ALJ's finding regarding Smith's ability to perform past work rendered her ineligible for disability benefits under the Act.[16] Smith appealed the ALJ's decision to this Court.

### III.  ISSUE

---

[12] R. at 301-02.

[13] R. at 302.

[14] R. at 19-21.

[15] R. at 21-22.

[16] R. at 17-18.  The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

Smith raises a single issue for judicial review:

Whether the ALJ properly applied Social Security Ruling 02-01p.

## IV.  DISCUSSION

### **The ALJ did not comply with Social Security Ruling 02-01p, and remand is appropriate.**

Smith argues the ALJ's failed to evaluate her obesity in accordance with Social Security Ruling (SSR) 02-01p, and therefore committed reversible error.[17]  The Commissioner responds that the impact of Smith's obesity was incorporated into the RFC determination, and, alternatively, that the omission of a discussion of Smith's obesity was harmless error because the record supported a finding that she was able to perform work.[18]

Smith urges reversal based upon *Williams v. Barnhart*, 186 F.Supp.2d 1192 (M.D. Ala. 2002), where this court held an ALJ's failure to consider a diagnosis of morbid obesity when determining severe impairments was reversible error.  *Williams*, 186 F.Supp. at 1198.  The Commissioner believes *Williams* is distinguishable because the ALJ decision under review in that case failed to consider the claimant's obesity beyond step two of the sequential evaluation process.  The Commissioner argues that Smith's obesity was a factor in eliminating crouching and crawling from her RFC at step four.[19]  If the issue before the Court was simply the ALJ decision not to categorize Smith's obesity as "severe," neither the

---

[17]Pl. Br. at 4-5.

[18]Def. Br. at 6, 7.

[19]Def. Br. at 7.

*Williams* decision nor SSR 02-01p would require remand of her case, because obesity does not constitute a severe impairment, unless ". . . alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." SSR 02-01p, ¶ 6. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002) ("A diagnosis alone is an insufficient basis for a finding that an impairment is severe. The severity of a medically ascertained impairment must be measured in terms of its effect upon ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality.")

In this appeal, however, Smith's claim lies in the ALJ's failure to discuss her obesity as directed by the Social Security Administration in SSR 02-01p. The ruling specifically provides that, at step three of the sequential evaluation, the agency "will not make assumptions about the severity or functional effects of obesity combined with other impairments," but "will evaluate each case based on the information in the case record." SSR 02-01p, ¶ 7. At steps four and five, the agency obligates itself to "explain how we reached our conclusions on whether obesity caused any physical or mental limitations." SSR 02-01p, ¶ 8. In Smith's case, the ALJ acknowledged her obesity, as diagnosed by consulting physician James Colley, M.D., but did not otherwise discuss obesity in the decision.[20] The ALJ could have complied with SSR 02-01p at either of these steps by stating Smith's obesity

---

[20]R. at 20, 21, 22.

did not prevent her performance of work tasks, and cited Dr. Colley's findings as support for his conclusion. The decision did not address the impact of obesity on Smith's ability to work in any respect. The Commissioner's argument that Smith's obesity was incorporated into the step four RFC finding (prohibiting crouching and crawling) is not accepted by the Court. Even though the exclusion of crouching and crawling from Smith's RFC is cited as a postural limitation, and postural limitations are listed as a possible result of obesity in SSR 02-01p, ¶ 8, Smith's functional limitations were not specifically attributed to obesity by the consulting physician, and could have easily been related to her arthritis.[21]

The Court has reviewed the Eighth Circuit cases cited by the Commissioner as authority for affirming the ALJ's decision. *See Forte v. Barnhart*, 377 F.3d 892 (8th Cir. 2004); *Randolph v. Barnhart*, 386 F.3d 835 (8th Cir. 2004). Neither case addressed the impact of SSR 02-01p on an ALJ's responsibilities regarding a diagnosis of obesity. Although the rulings in these cases support the Commissioner's argument that no physician has found Smith unable to work, and Smith herself has not proven her disability, the Court cannot overlook an ALJ's obligation to comply with the Commissioner's administrative directives. The Eleventh Circuit has long held that "courts must overturn agency actions which do not scrupulously follow the regulations and procedures promulgated by the agency itself. *Sierra Club v. Martin*, 168 F.3d 1, 4 (11th Cir. 1999) quoting *Simmons v. Block*, 782 F.2d 1545, 1550 (11th Cir. 1986). The Court finds the ALJ decision did not comply with SSR

---

[21]R. at 21, 253.

0201-p, and must remand due to the ALJ's failure to discuss Smith's obesity, however briefly, as required by the Commissioner's own guidelines.

Done this 20th day of March, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE